## GAGE v. UNITED STATES.
### No. 49461.

United States Court of Claims.

Feb. 3, 1953.

Edward S. Irons, Washington, D. C., for the plaintiff. Hamer H. Jamieson, Los Angeles, Cal., was on the briefs.

H. L. Godfrey, Washington, D. C., with whom was Asst. Atty. Gen. Holmes Baldridge, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

The first ground of plaintiff's motion for relief from the judgment heretofore entered in this court, 103 F.Supp. 1022, 122 Ct. Cl. 160, is that the judgment is erroneous because of the provisions of section 286 of Public Law 593, 82d Congress, 2d Session.

Public Law 593 was an Act "to revise and codify the laws relating to patents and the Patent Office, and to enact into law title 35 of the United States Code entitled 'Patents'". Section 286 provides in part:

"In the case of claims against the United States Government for use of a patented invention, the period before bringing suit, up to six years, between the date of receipt of a written claim for compensation by the department or agency of the Government having authority to settle such claim, and the date of mailing by the Government of a notice to the claimant that his claim has been denied shall not be counted as part of the period referred to in the preceding paragraph."

The preceding paragraph prohibits recovery

for infringement committed more than 6 years prior to the filing of the complaint.

Neither in the Act nor in the legislative history, consisting of the Senate Report and the House Report, is there any indication that section 286 was intended to apply to a suit in which the judgment had already been rendered. The judgment in this case allowing defendant's motion for summary judgment and dismissing plaintiff's petition was entered on April 8, 1952. The above-mentioned Act was passed on July 19, 1952.

The passage of this act was urged on the Supreme Court in plaintiff's petition for rehearing on its petition for certiorari. The petition for rehearing was denied.

Since the Act relied upon was passed after our judgment was entered, and since there is no indication that it was intended to apply in such a case, plaintiff's motion for relief from the judgment on this ground must be denied. The other ground relied on is without merit.

Plaintiff's motion is overruled.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.